UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA ENRIQUEZ,<br><br>   Plaintiff,<br><br>v.<br><br>ATLANTIC RECOVERY SOLUTIONS, LLC,<br><br>   Defendant. | Case No. 1:21-cv-01794 |

## FIRST AMENDED COMPLAINT

**NOW COMES** Plaintiff, LAURA ENRIQUEZ, through undersigned counsel, complaining of Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. LAURA ENRIQUEZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 434 South Grace Street, Lombard, Illinois 60148.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. ATLANTIC RECOVERY SOLUTIONS, LLC, ("Defendant") is a limited liability company organized and existing under the laws of the state of New York.

7. Defendant maintains a principal place of business at 33 Dodge Road, Suite 108, Getzville, New York, 14068.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Like many Americans this past year, Plaintiff suffered financial hardship—causing Plaintiff to fall behind on numerous financial obligations.

11. On February 23, 2021, Defendant phoned +1 (512) 659-2996.

12. +1 (512) 659-2996 belongs to Plaintiff's son-in-law, Rene Resendiz.

13. Mr. Resendiz received a voicemail from +1 (737) 610-8063.

14. Specifically, this message said:

> *Laura Enriquez, this is Michael [inaudible] calling with the offices of ARS. The reason for my call today is to notify you as you know we have tried several times to reach you—including a demand for payment letter that was sent to the Grace Street address that you failed to respond to. At this time, I will mark the account as a direct refusal to pay based on your lack of response. I will be scheduling verification of your employment and send that back to my client. Now this is an attempt to collect a debt. Any information obtained will be used for that sole purpose. My number is going to be 833-619-0974. Thanks.*

15. Defendant's February 23, 2021 voicemail is a "communication" as defined by 15 U.S.C. § 1692a(2).

---

[1] Atlantic Recovery Solutions is one of the top-notch recovery agencies in the industry. Besides recovering credit card accounts, to auto loans and retail accounts, our company has dealt in every sector of the industry with terrific results….

Here at Atlantic Recovery Solutions, we provide services to our customers that include debt collection as well as referrals for litigation solutions. https://www.atlanticrecoverysolutions.com/about (last accessed April 6, 2021).

16. Upon information and belief, Plaintiff's purported debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Mr. Resendiz notified Plaintiff—to let her know that he received message(s) intended for her.

18. Once more, on March 24, 2021, Defendant phoned +1 (512) 659-2996.

19. This time, however, Mr. Resendiz answered.

20. Resendiz was met by an automated, pre-recorded message requesting Plaintiff call back Defendant at +1 (855) 221-4405.

21. Yet again, Resendiz notified Plaintiff of this call.

22. Ashamed and dismayed—Plaintiff sought to explain away these phone calls.

23. At no time did the number +1 (512) 659-2996 belong to Plaintiff.

24. To date, Plaintiff has not received anything—*in writing*—from Defendant regarding Plaintiff's purported debt.

## **DAMAGES**

25. Defendant's phone calls to Mr. Resendiz resulted in anxiety, embarrassment/humiliation, invasion of privacy, as well as reputational harm.

26. Moreover, Defendant's failure to provide anything in writing deprived Plaintiff an opportunity to analyze and dispute the purported debt.

27. Concerned with having had her rights violated, Plaintiff engaged counsel—expending time and incurring attorney's fees to end the phone calls.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act—15 U.S.C. § 1692** *et seq.*

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### **Violation of 15 U.S.C. § 1692b**

29. Section 1692b provides:

> [a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –
>
> (2) not state that such consumer owes any debt.

30. Defendant violated 15 U.S.C. § 1692b(2) by leaving Mr. Resendiz message(s) disclosing that they were seeking to collect debt Plaintiff owed and threatening further action if this debt continued to go unaddressed.

### **Violation of 15 U.S.C. § 1692c**

31. Section 1692c provides:

> (b) Communication with third parties. Except as provided in section 1692b, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

32. Defendant violated 15 U.S.C. § 1692c(b) by communicating with Mr. Resendiz on February 23, 2021 and March 24, 2021.

4

**Violation(s) of 15 U.S.C. § 1692g**

33. Section 1692g(a) provides:

    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

34. Pursuant to §1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

35. The validation notice provisions were included by Congress to ensure that consumers receive their dispute rights.

36. Defendant violated §1692g by failing to send Plaintiff the 30-day validation notice within five days of Defendant's first communication with Plaintiff.

37. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692b(2), c(b), and g(a) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692b(2), c(b), and g(a);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 6, 2021          Respectfully submitted,

**LAURA ENRIQUEZ**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com